UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:24-cv-01620-SEB-MKK |
| HENDRICKS COUNTY, INDIANA, | ) ) ) |
| Defendant. | ) |

## ORDER

The United States of America and Hendricks County, Indiana, filed a Joint Motion for Entry of Consent Decree and Agreed Consent Decree for approval and entry by the Court. Dkt. 4, 4-1. The Court, upon review of the filings in this matter, finds that it has authority to enter the Consent Decree as it is lawful, fair, reasonable, and adequate. The motion is therefore GRANTED.

On September 18, 2024, the United States filed a civil complaint alleging that Hendricks County violated the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended ("Fair Housing Act" or "FHA"), 42 U.S.C. §§ 3601-3619, and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc–2000cc-5.

The Consent Decree requires judicial approval and would be subject to the Court's continuing jurisdiction. *See United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002); *Kasper v. Bd. of Election Comm'rs*, 814 F.2d 332, 338 (7th Cir. 1987). "A consent decree is a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). Since a consent decree is the exercise of federal power—enforceable by contempt—a consent decree must (1) spring from and serve to resolve a dispute within the court's subject matter jurisdiction; (2) come within the

general scope of the case made by the pleadings; and (3) further the objectives of the law upon which the complaint was based. *Local No. 93, Int'l Ass'n of Firefighters, etc. v. Cleveland*, 478 U.S. 501, 525 (1986).

The Consent Decree satisfies each of the three *Local No. 93* factors. First, the United States' complaint under the FHA and RLUIPA falls within the Court's subject-matter jurisdiction. 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1345 (the United States as a plaintiff). The Consent Decree will thus resolve the dispute that is within the Court's jurisdiction. Second, the complaint alleges that Hendricks County violated the Fair Housing Act and RLUIPA. A remedy restricting or prohibiting Hendricks County from discriminating against persons because of religion in violation of the FHA and RLUIPA thus comes within the general scope of the case. Dkt. 1. Third, the Consent Decree will further the goals of the FHA and RLUIPA by facilitating Hendricks County's compliance with them.

Even when a court has the predicate authority to enter a consent decree, however, it should only do so if the "proposed decree is lawful, fair, reasonable, and adequate." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). In making this determination, the Court begins from "the federal policy encouraging settlement." *United States v. George A. Whiting Paper Co.*, 644 F.3d 368, 372 (7th Cir. 2011). "The district court may not deny approval of a consent decree unless it is unfair, unreasonable, or inadequate" and should be "chary" of so finding. *Hiram Walker & Sons, Inc.*, 768 F.2d at 889–90.

The Consent Decree is lawful, fair, reasonable, and adequate. The FHA and RLUIPA are remedial statutes that protect against discrimination in housing and zoning. *See* 42 U.S.C. § 3601; 42 U.S.C. §§ 2000cc–2000cc-5. The Consent Decree calls for Hendricks County to take certain actions that are designed to facilitate compliance with the FHA and RLUIPA. Therefore, the Consent Decree is consistent with the applicable statutes.

The Consent Decree is also fair. Both parties agree to "voluntarily resolve all claims arising from the conduct alleged in the Complaint" and agree that "entry of this Consent Decree is in the public interest." Dkt. 4-1 at ¶ 4. The content of the Consent Decree supports this representation by the parties because it provides benefits to both sides and carefully limits the agreement's requirements, suggesting extensive negotiation.

The Consent Decree also has a compensatory component, with adequate monetary compensation to aggrieved person, Al Hussnain, Inc., and a civil penalty to the United States.

At the same time, the Consent Decree is fair to Hendricks County. While Hendricks County does not admit to any of the allegations in the complaint, it ends a three-year investigation into the County's zoning processes consistent with the County's interests. Additionally, with no factual finding or adjudication, and an executed release from aggrieved person, Al Hussnain, Inc., Hendricks County avoids future litigation for all claims arising from the complaint.

Finally, the Consent Decree is reasonable and adequate because it is tailored to ending the policies and practices that allegedly led to discrimination, and to assuring that no discrimination occurs in the future. It details specific policies that address the allegations contained in the complaint and provides for extensive review and reporting to assure any future problems are promptly discovered and remedied.

## I.  Conclusion

The Consent Decree is lawful, fair, reasonable, and adequate. The Joint Motion for Entry of Consent Decree is GRANTED. Dkt. 4. The Consent Decree is ENTERED.

Pursuant to the Consent Decree, the Court retains jurisdiction over this civil action to enforce the terms of this Consent Decree. Dkt. 4-1 at ¶ 22-30. Judgment consistent with this ruling shall now issue.

SO ORDERED.

Date:  12/4/2024

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution to counsel of record via CM/ECF